JONES DAY
Koree B. Wooley, Bar No. 294489
kbwooley@jonesday.com
Cindi L. Ritchey, Bar No. 216899
critchey@jonesday.com
Jayce E. Gustafson, Bar No. 344961
jgustafson@jonesday.com
4655 Executive Drive
Suite 1500
San Diego, California  92121.3134
Telephone:     +1.858.314.1200
Facsimile:     +1.844.345.3178

Attorneys for Defendant
SAPUTO DAIRY FOODS USA, LLC

MATERN LAW GROUP PC
Matthew J. Matern, Bar No. 159798
mmatern@maternlawgroup.com
Mikael H. Stahle, Bar No. 182599
mstahle@maternlawgroup.com
Irina A. Kirnosova, Bar No. 312565
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California  90266
Telephone:     +1.310.531.1900
Facsimile:     +1.310.531.1901

Attorneys for Plaintiff
NATALY LOPEZ VARGAS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALY LOPEZ VARGAS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAPUTO DAIRY FOODS USA, LLC, a Delaware limited liability corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:22-cv-01645-DJC-JDP<br><br>**JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION, INCLUDING PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND PRE-CERTIFICATION CLASS CLAIMS WITHOUT PREJUDICE; ORDER**<br><br>Complaint Filed:  November 21, 2022 |

Plaintiff Nataly Lopez Vargas ("Vargas" or "Plaintiff") and Defendant Saputo Dairy Foods USA, LLC ("Saputo" or "Defendant") (collectively, the "Parties"), by and through their respective attorneys of record, hereby stipulate to voluntarily dismiss Plaintiff's entire case, including her individual claims with prejudice and the pre-certification class claims without prejudice and without notice by the Court, pursuant to Rule 41(a)(1)(A)(ii) and Rule 23(e) of the Federal Rules of Civil Procedure.

## BACKGROUND

1. Plaintiff initially filed this putative class and representative action on November 21, 2022, in Stanislaus County Superior Court, which Defendant subsequently removed to this Court on December 28, 2022, where it remains pending. In this Action, Plaintiff asserts class claims for alleged (1) failure to provide required meal periods, (2) failure to provide required rest periods, (3) failure to pay overtime wages, (4) failure to pay minimum wages, (5) failure to pay all wages due to discharged and quitting employees, (6) failure to furnish accurate itemized wage statements, (7) failure to maintain required records, (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties, (9) unfair and unlawful business practices, and (10) penalties under the Labor Code Private Attorneys General Act ("PAGA").

2. In addition to the lawsuit filed by Plaintiff, there are four other substantially overlapping class action and representative PAGA action lawsuits involving the same claims on behalf of the same group of current and former employees of Defendant: (1) *Psalms Martinez v. Saputo Dairy Foods USA, LLC*, U.S.D.C. E.D. Cal. Case No. 1:22-cv-1624-DJC-JDP ("*Martinez* Class Action"); *Psalms Martinez v. Saputo Dairy Foods USA, LLC*, Tulare County Superior Court Case No. VCU294960 ("*Martinez* PAGA Action"); *Romero v. Saputo Dairy Foods USA, LLC*, Case No. 1:23-cv-00427-DJC-JDP ("*Romero* Class Action"); and *Romero v. Saputo Dairy Foods USA, LLC*, Case No. VCU298775 ("*Romero* PAGA Action").

3. On September 19, 2023, the Parties to this Action, the *Martinez* Class Action, *Martinez* PAGA Action, *Romero* Class Action, and *Romero* PAGA Action attended a full day private mediation with mediator David Rotman. The Parties reached a global settlement of the

five actions, and entered into a settlement agreement that was fully executed as of March 14, 2024 ("Settlement Agreement").

4.  As part of the class action and PAGA representative action settlement, the Tulare Superior Court granted leave to file an amended complaint in the *Martinez* PAGA Action adding Romero and Vargas as class and PAGA representatives, and incorporating the class and PAGA claims and allegations on behalf of the putative class and aggrieved employees in the five actions into one complaint. All of the claims asserted in this Action were therefore subsumed within the *Martinez* PAGA Action.

5.  The Parties sought preliminary and final approval of the global settlement that includes all of the same claims asserted in this action ("Global Settlement"), through the related *Martinez* PAGA Action. On March 24, 2025, the *Martinez* Court granted final approval of the Settlement Agreement and entered a Judgment and Order Granting Plaintiffs' Motion for Final Approval of Class Action and PAGA Settlement ("Judgment") that disposes of all of the claims asserted in this Action, the *Romero* PAGA Action, the *Martinez* Class Action, *Martinez* PAGA Action, and the *Vargas* Class/PAGA Action. Attached as Exhibit 1 is a true and correct copy of the Court Judgment.

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.  Subject to Court approval, the Parties stipulate that the voluntary dismissal of the entire action, including pre-certification dismissal of class claims without notice by the Court to putative class members, is appropriate because all of the claims asserted in this Action are barred by the doctrines of res judicata and release, based on the final approval granted by the Tulare County Superior Court of the Global Settlement and the Judgment entered in the *Martinez* PAGA Action. As part of the approval process for the Settlement Agreement, putative class members in the *Martinez* PAGA Action received notice of the Settlement Agreement consistent with the requirements of due process and had the opportunity to object or opt out of the settlement of the *Martinez* PAGA Action. In addition, neither Plaintiff nor her attorneys have made any concessions

1  with respect to the interests of the putative class in order to further their own interests, and the
2  Parties are unaware of any media attention given to this Action.  In this Action, the Parties seek a
3  dismissal with prejudice only as to Plaintiff's individual claims, and seek a dismissal without
4  prejudice of Plaintiff's class claims, so no notice to putative class members is required in this Action.
5  *See, e.g., Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 U.S. Dist. LEXIS 237338 at *9 (C.D. Cal.
6  Nov. 16, 2017) (class notice not required where potential class members not prejudiced by dismissal
7  of the action).

8      2.  The Parties hereby stipulate and request that the Court approve this Stipulation of
9  Dismissal, dismissing Plaintiff's individual claims with prejudice and the putative class claims
10 without prejudice.  In accordance with Rule 23(e), the dismissal of the uncertified class may be
11 approved without notice by the Court to members of the proposed class because the dismissal would
12 not prejudice any putative class members.

13 **IT IS SO STIPULATED.**

16 Dated: April 1, 2025                    JONES DAY

18                                          By: */s/ Koree B. Wooley*
                                            Koree B. Wooley

19                                          Attorneys for Defendant SAPUTO DAIRY
20                                          FOODS USA, LLC

21 Dated: April 1, 2025                    MATERN LAW GROUP PC

22                                          By: */s/ Mikael H. Stahle* (as authorized on 4/1/2025)
23                                          Mikael H. Stahle

24                                          Attorneys for Plaintiff NATALY LOPEZ VARGAS

## ORDER

Having considered the Joint Stipulation between all Parties, and good cause appearing,

**IT IS ORDERED** as follows:

1. All of Plaintiff's individual claims are dismissed with prejudice. The putative class claims, which have not been certified, are dismissed without prejudice;

2. The dismissal of the uncertified class claims is approved without notice by the Court to members of the proposed class; and

3. This Action is hereby dismissed in its entirety.

Dated: April 4, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE